In the Matter of HOLT COUNTY GRAIN STORAGE, INC., Debtor.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,

v.

HOLT COUNTY GRAIN STORAGE, INC., Defendant.

Bankruptcy No. BK82–494.

Adv. No. A82–574.

United States Bankruptcy Court, D. Nebraska.

Dec. 14, 1982.

Joanne L. Manthe, Omaha, Neb., for plaintiff.

Paul F. Festersen, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

DAVID L. CRAWFORD, Bankruptcy Judge.

The matter before me is a preliminary hearing previously ordered by Filing No. 3 in this adversary proceeding upon the complaint filed by Prudential Insurance Company of America to obtain relief from the automatic stay. In the complaint and at the hearing, the plaintiff seeks relief under each of the alternative provisions of subsection (d) of 11 U.S.C. § 362.

Under sub-part (1) of that subsection, the Court is required to grant relief for cause. What constitutes "cause" is unspecified in the statute. Here, the plaintiff alleges several alternative bases of cause. The first is lack of adequate protection, and that argument is premised on the failure of the debtor to pay 1981 real estate taxes which are now delinquent. The argument by the plaintiff is that there is no equity in the property and that as a result, the accrual of unpaid real estate taxes erodes its security. The plaintiff's argument regarding lack of equity focuses on the wrong factual basis. Here the proper focus is whether Prudential, as the first mortgage holder, is adequately protected. At this time, its lien claim is approximately $1,664,-000. The evidence indicates that the value of the property is in excess of Prudential's first mortgage. The result is that the accrual of some $10,000 in real estate taxes as a first lien still leaves Prudential fully secured. It may be that it erodes the security of liens junior to Prudential's but at this time Prudential remains fully secured and, therefore, is adequately protected to the extent of its debt.

In addition, there is escrowed some $83,-000 in existing cash, plus the potential accrual of up to $55,000 in proceeds from the 1982 crop which can be paid on the taxes to return Prudential to a first lien situation.

On both of those bases, and each of them independently, I find Prudential to be adequately protected to the extent of its lien.

Prudential also points as "cause" to the inability of the debtor to reorganize given the financial situation in which the debtor finds itself. Here Prudential looks toward the expected income stream and

suggests that it is insufficient to pay for the debt service as it exists today. That argument presupposes that reorganization is possible only through future earning capacity given the present debt structure. That does not seem to be the only alternative available. In essense if this farming operation is viewed as an economic entity, foreclosure itself is a form of reorganization; if that foreclosure were to result in dismemberment and sale of various parcels, the economic entity would be reorganized, although clearly not to the debtor's satisfaction. There are forms of reorganization other than simply looking to the future income stream. Those forms vary with the imagination of lawyers. Partial sale of property together with refinancing together with infusion of other capital is possible. Simply stated, I am unable to say that reorganization is impossible. Lastly, cause is suggested in that the petition is filed in what the plaintiff deems bad faith. There it points to the filing one hour before the foreclosure sale was to take place. I have said before and will say again that I do not find that to be bad faith or lack of good faith.

■ Alternatively, the plaintiff points to sub-part (2) of sub-section (d) of Section 362 and suggests that it is entitled to relief because both prongs of that sub-part exist, that is, there is no equity in the property and the property is not necessary to an effective reorganization of the debtor.

Here Prudential aggregates all of the liens including its own and all of the junior liens and suggests that the total lien structure on this property is in excess of 1.9 million dollars with the value of the real estate in evidence of 1.7 to 1.8 million dollars. Under this statutory sub-section, I conclude that the aggregate of all liens is to be looked to in order to determine whether the debtor has equity in the property. In other words, the court must look beyond the lien of Prudential to determine whether there is equity. I conclude there is no equity.

The more serious question is whether this property is necessary to an effective reorga-

nization under § 362(d)(2)(B). Clearly, it represents all of the property of the debtor and would be necessary to a reorganization. Prudential points to the language of "effective" reorganization and suggests that no effective reorganization is possible and that the possibility of reorganization is a preliminary stepping stone to continuation of the stay under this alternative sub-part.

I conclude that that inquiry has no place in a complaint for a relief from stay proceeding because the statute does not suggest it. The inquiry regarding the debtor's inability to effectuate a reorganization has relevance in a motion to dismiss or convert hearing, which touches all creditors' rights, but not here.

■ Lastly, an issue has arisen which needs to be addressed. That is the appeal of the prior ruling of this court in which I declined to dismiss this Chapter 11 proceeding. Here the defendant/debtor suggests that this court has no jurisdiction over this adversary proceeding because the same issues were involved in that previous litigation. I conclude otherwise. It seems to me that the relief requested in that separate proceeding was different from the relief requested here. There, relief requested was complete dismissal of the Chapter 11; here the requested relief is simply relief from the stay as to Prudential so that it may continue foreclosure. The evidence may be the same, but I conclude that the previous litigation and appeal do not deprive this court of jurisdiction over the present adversary proceeding.

Relief is denied at this time.